## IN UNITED STATES DISTRICT COURT FOR
## WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JOSHUA SMITH AND<br>HEATHER L. SMITH | ) | DOCKET NO.: 1:25-CV-01198 |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| FARMERS INSURANCE EXCHANGE | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## MEMORANDUM OF FACT AND LAW
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Farmers Insurance Exchange ("Defendant" or "Farmers"), by and through undersigned counsel, respectfully submits this Memorandum of Facts and Law in support of its Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### STATEMENT OF FACTS

Plaintiffs Joshua Smith and Heather L. Smith filed this action against Farmers Insurance Exchange alleging breach of an insurance contract and bad faith related to a homeowners insurance policy covering property located at 76 Kinnewick Cover, Jackson, Madison County, Tennessee. Compl.

Plaintiffs' Complaint alleges that Farmers Insurance Exchange "is a foreign insurance company formed under the laws of the State of California, with its home office and principal place of business located in Woodland Hills, Los Angeles County, California." Compl., ¶ 2. Based on this allegation, Plaintiffs assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C.

§ 1332 based on diversity of citizenship. Compl., ¶¶ 4-5. Plaintiffs claim that "this action is wholly between citizens of different states, and the amount in controversy exceeds, $75,000.00." Compl., ¶ 4.

Plaintiffs are citizens and residents of Jackson, Madison County, Tennessee. Compl., ¶ 1. The alleged loss occurred on August 17, 2024, when Plaintiffs' home sustained damage they claim was caused by a storm producing high winds and hail. Compl., ¶¶ 13-14. Farmers performed an inspection of the premises on or about September 30, 2024, and determined that the damage was less than the policy deductible of $750.00. Compl., ¶¶ 15-16. Plaintiffs obtained an independent inspection that valued the damage at $320,227.94. Compl., ¶ 17. Plaintiffs made demand upon Farmers on or about February 5, 2025, which Farmers denied. Compl., ¶¶ 18-20.

Contrary to Plaintiffs' allegations, Farmers Insurance Exchange is not a corporation formed under California law. Rather, Farmers Insurance Exchange is a reciprocal insurance exchange, also known as an inter-insurance exchange. This is an unincorporated association wherein policyholders exchange insurance contracts among themselves and share risks.

Farmers Insurance Exchange is registered with the Tennessee Department of Commerce and Insurance as a reciprocal insurance exchange, not as a corporation. Regulatory documents from numerous state insurance departments—including Florida, South Carolina, New York, and California—confirm that Farmers Insurance Exchange operates as an inter-insurance exchange owned by policyholders.

As a reciprocal insurance exchange, Farmers has members throughout the United States, including members who are citizens of Tennessee. Because Farmers is an unincorporated association with Tennessee members, and because Plaintiffs are Tennessee citizens, complete

diversity of citizenship does not exist, and this Court lacks subject matter jurisdiction over this action.

## LAW AND ARGUMENT

### I.    STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. The party invoking federal jurisdiction bears the burden of proving that jurisdiction exists. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a party to move for dismissal based on the court's lack of subject matter jurisdiction. When reviewing such a motion, the court presumes lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion. *Kokkonen*, 511 U.S. at 377; *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

The plaintiff has the burden to establish that the court has subject matter jurisdiction. *Rogers*, 798 F.2d at 915; Moir, 895 F.2d at 269.  If the Court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). This requirement is mandatory and reflects fundamental limitations on the power of federal courts. Subject matter jurisdiction "involves a court's power to hear a case" and "can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

The issue of subject matter jurisdiction may be raised at any time by the parties or by the court sua sponte. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459,

465 (6th Cir. 2009). Federal courts have an independent obligation to examine their own jurisdiction, even when the parties do not raise the issue. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). This obligation exists because federal courts are courts of limited jurisdiction and may exercise only that power authorized by Constitution and statute. *Id.*

As the Supreme Court explained in *Mansfield, C. & L. M. R. Co. v. Swan*, "The rule . . . is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act." 111 U.S. 379, 382 (1884); *see also Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900) ("The failure of parties to urge objections [to diversity of citizenship] cannot relieve this court from the duty of ascertaining from the record whether the Circuit Court could properly take jurisdiction of this suit.").

II.     DIVERSITY   JURISDICTION   REQUIRES   COMPLETE   DIVERSITY BETWEEN ALL PARTIES

Federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). This Court has consistently held that diversity jurisdiction requires complete diversity—meaning that no plaintiff may be a citizen of the same state as any defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The citizenship of parties for diversity purposes is determined at the time the action is commenced. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 124 S. Ct. 1920 (2004). For natural persons, citizenship is synonymous with domicile. *Von Dunser v. Aronoff*, 915

F.2d 1071, 1072 (6th Cir. 1990). A person is domiciled in the place where he has his true, fixed, and permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning. *Id.*

For corporations, citizenship is determined by statute. A corporation is deemed a citizen of both (1) the state in which it is incorporated, and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). This special statutory rule applies only to corporations and does not extend to other forms of business entities.

III.     FARMERS INSURANCE EXCHANGE IS A RECIPROCAL INSURANCE EXCHANGE, NOT A CORPORATION

A.     The Nature of Reciprocal Insurance Exchanges

Despite Plaintiffs' allegation that Farmers Insurance Exchange is a "foreign insurance company formed under the laws of the State of California," Farmers Insurance Exchange is not a corporation. Rather, Farmers Insurance Exchange is a reciprocal insurance exchange, also known as an inter-insurance exchange.

A reciprocal insurance exchange is an unincorporated association wherein members exchange insurance contracts among themselves. Unlike a traditional stock insurance company structured as a corporation, a reciprocal exchange is formed when individuals, partnerships, or corporations agree to exchange insurance contracts and share risks among themselves. *See Miller v. Farmers Ins. Exch. (In re Farmers Ins. Exch.)*, 466 F.3d 853, 856 (9th Cir. 2006).

In a reciprocal insurance exchange, each member is both an insurer and an insured. The members pool their resources and share in both the profits and losses of the exchange. This structure differs fundamentally from a stock insurance company, where shareholders provide capital but are not themselves insureds. *See Id.*

Reciprocal insurance exchanges operate through an attorney-in-fact, which manages the day-to-day operations of the exchange on behalf of the members. However, the attorney-in-fact is merely an agent; the members themselves retain ownership of the exchange and bear the ultimate risk of loss. *See Id.*

B.    Farmers Insurance Exchange Has Been Consistently Recognized as a Reciprocal Insurance Exchange

Farmers Insurance Exchange has been consistently registered and recognized as a reciprocal insurance exchange in states across the nation since its inception in 1928. For example, The Tennessee Department of Commerce and Insurance recognizes Farmers Insurance Exchange as a reciprocal insurance exchange, not as a corporation.

As the *Los Angeles Business Journal* reported in 2005, Farmers Insurance Exchange was launched in 1928 as a reciprocal insurer—a status it has maintained throughout its history. *See* Amanda Bronstad, *Farmers Became Industry Giant with Roots Planted Deep in L.A.*, **L.A. Bus. J.**, Aug. 22, 2005, archived from the original on Mar. 28, 2009 (last visited Nov. 21, 2008) and attached as **Exhibit A**. Nothing in the history of Farmers Insurance Exchange suggests that it should be characterized as a corporation with a separate legal identity for purposes of establishing diversity jurisdiction.

The distinction between a reciprocal insurance exchange and a corporation is not merely semantic. The form of business organization has critical jurisdictional consequences in federal court, as the Supreme Court has repeatedly emphasized.

IV.    UNINCORPORATED ASSOCIATIONS ARE CITIZENS OF EVERY STATE IN WHICH THEIR MEMBERS ARE CITIZENS

A.    The Supreme Court's Framework in *Carden v. Arkoma Associates*

The United States Supreme Court has firmly established that unincorporated associations do not possess citizenship separate from their members for purposes of diversity jurisdiction. In *Carden v. Arkoma Associates*, the Supreme Court held that the citizenship of an unincorporated entity must be determined by reference to the citizenship of all of its members. 494 U.S. 185, 195-96 (1990).

In *Carden*, a limited partnership sued in federal court based on diversity of citizenship. The partnership argued that for purposes of determining diversity, the court should look only to the citizenship of its general partners, who had exclusive control over partnership operations and litigation, and should disregard the citizenship of its limited partners. *Id.* at 192. The district court and court of appeals agreed with this approach. *Id.* at 186-87.

The Supreme Court reversed. The Court held that "we have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members." *Id.* at 192. Rather, the Court reaffirmed its "oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.'" *Id.* at 195-96 (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)).

The Court explained that while corporations receive special treatment under the diversity statute—being deemed citizens of their state of incorporation and principal place of business—this treatment does not extend to other artificial entities:

"[W]hile the rule regarding the treatment of corporations as 'citizens' has become firmly established, we have (with an exception to be discussed presently) just as firmly resisted extending that treatment to other entities. For example, in *Chapman v. Barney*, 129 U.S. 677 (1889), a case

involving an unincorporated 'joint stock company,' we raised the question of jurisdiction on our own motion, and found it to be lacking." *Id.* at 189.

The Court traced this principle through its precedents. In *Chapman*, the Court held that a joint stock company "cannot be a citizen" and that "the allegation that the company was organized under the laws of New York is not an allegation that it is a corporation." *Chapman*, 129 U.S. at 682. Similarly, in *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456 (1900), the Court held that a "limited partnership association"—although possessing "some of the characteristics of a corporation" and deemed a "citizen" by the law creating it—may not be deemed a "citizen" under the jurisdictional rule established for corporations.

Most recently before Carden, in *United Steelworkers of America v. R.H. Bouligny, Inc.*, 382 U.S. 145 (1965), the Court unanimously reiterated that "the doctrinal wall of Chapman v. Barney" would not be breached. *Id.* at 151. The Court acknowledged that treating an unincorporated labor union differently from a corporation had "considerable merit," but concluded that ". . .whether unincorporated labor unions ought to be assimilated to the status of corporations for diversity purposes" is ". . .properly a matter for legislative consideration which cannot adequately or appropriately be dealt with by this Court. . . ." *Id.* at 147, 153.

The *Carden* Court acknowledged that limited partnerships and other unincorporated entities "are functionally similar to 'other types of organizations that have access to federal courts,'" but it refused to extend corporate treatment to such entities. 494 U.S. at 196. The Court opined that whether entities other than corporations are entitled to be considered 'citizens' for diversity purposes are complex questions best left to Congress to decide. *Id.* ". . .[T]he course we take today does not so much disregard the policy of accommodating our diversity jurisdiction to the changing

realities of commercial organization, as it honors the more important policy of leaving that to the people's elected representatives." *Id.* at 197.

The holding in Carden is clear and unequivocal: an unincorporated entity is a citizen of every state in which any of its members is a citizen. For diversity jurisdiction to exist in a suit by or against an unincorporated entity, there must be complete diversity between all members of the entity and all opposing parties.

B.    The Sixth Circuit Has Consistently Applied Carden's Framework

The United States Court of Appeals for the Sixth Circuit—the controlling appellate authority for this Court—has consistently applied the principles established in Carden to cases involving unincorporated associations.

In *Certain Interested Underwriters at Lloyd's v. Layne*, the Sixth Circuit was presented with a case involving Lloyd's of London underwriters. 26 F.3d 39 (6th Cir. 1994). The defendants challenged the district court's exercise of jurisdiction, arguing that the underwriters were agents or representatives of unincorporated associations called syndicates, and that if any syndicate members were citizens of Tennessee (the defendants' home state), there was not the requisite diversity to confer jurisdiction on the federal court. *Id.* at 40.

The Sixth Circuit emphasized that the rules for determining citizenship are straightforward, even if their application to complex business entities can be difficult:

"A corporation has citizenship in its state of incorporation and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). However, an unincorporated association, such as a labor union or a partnership, has no separate legal identity so its citizenship, at least for the purposes of diversity jurisdiction, is the citizenship of each of its members. *Id.* at 41 (emphasis added) (citing

*Carden*, 494 U.S. 185; *United Steelworkers of Am. v. R.H. Bouligny, Inc.*, 382 U.S. 145 (1965);

*Chapman v. Barney*, 129 U.S. 677 (1889)).

The court described how Lloyd's of London operates through syndicates, which are

unincorporated associations comprised of member-investors who share in profits and losses:

"The business of insuring risk at Lloyd's is carried on by a group of more than four hundred

syndicates. These syndicates are not incorporated, and they are comprised of some 30,000

member-investors, sometimes called 'underwriters' or 'names,' who hope to share in any profit the

syndicate might make." *Id.*

The court explained that these syndicates are analogous to limited partnerships, with

members having unlimited liability for their share of losses and are managed by underwriters who

have authority to bind the syndicate members in transactions and litigation. *Id.* at 41-42.

Ultimately, the Sixth Circuit held that the underwriters—as agents of undisclosed

principals—were personally liable on the insurance contract and were therefore the real parties in

interest. *Id.* at 43. Because the underwriters were British citizens and the defendants were

Tennessee citizens, complete diversity existed. Id.

The *Layne* decision is instructive for several reasons. First, it confirms that the Sixth Circuit

strictly applies the rule that unincorporated associations "ha[ve] no separate legal identity" and

their citizenship is determined by "the citizenship of each of its members." *Id.* at 41. Second, it

demonstrates that the form of business organization—not functional similarities to corporations—

controls the jurisdictional analysis. Third, it shows that reciprocal insurance arrangements

involving multiple members are subject to the same citizenship rules as other unincorporated

associations.

C.      Federal Courts Nationwide Have Consistently Applied Carden to Reciprocal Insurance Exchanges

Federal courts across the country have uniformly held that reciprocal insurance exchanges are unincorporated associations whose citizenship is determined by the citizenship of all their members.

In *Truck Insurance Exchange v. The Manitowoc Co.*, the United States District Court for the District of Arizona addressed whether Truck Insurance Exchange, a reciprocal insurance exchange, could establish diversity jurisdiction. 2010 U.S. Dist. LEXIS 131283 (D. Ariz. 2010). The court explained reiterated that inter-insurance exchange companies are unincorporated business entities which are citizens of the states in which its members are citizens.

The Western District of Missouri reached the same conclusion in *Truck Insurance Exchange v. Dow Chemical Co.*, holding:

"[W]here an action is based upon diversity jurisdiction, as in the present case, the unincorporated association will not be given a fictional citizenship, but rather the citizenship of each of its members. Since the plaintiff, Truck Insurance Exchange has members who are citizens of the State of Missouri, the citizenship of the plaintiff, as an unincorporated association, fails to be wholly diverse from the [Missouri] defendants." 331 F. Supp. 323, 325 (W.D. Mo. 1971).

The Eastern District of Michigan applied these principles to dismiss a case against Farmers Insurance Company for lack of diversity jurisdiction. *Brown v. Farmers Ins. Co.*, 2007 WL 496669 (E.D. Mich. 2007).

These decisions reflect a uniform understanding across federal courts: reciprocal insurance exchanges are unincorporated associations, and their citizenship for diversity purposes is

determined by the citizenship of all their members. Where a reciprocal exchange has members in the same state as an opposing party, diversity jurisdiction does not exist.

> V.    FARMERS INSURANCE EXCHANGE HAS MEMBERS IN TENNESSEE, DESTROYING COMPLETE DIVERSITY

It is undisputed that Plaintiffs Joshua Smith and Heather L. Smith are citizens of Jackson, Madison County, Tennessee. Compl., ¶ 1. As a reciprocal insurance exchange, Farmers Insurance Exchange has members throughout the United States, including members who are citizens of Tennessee. As previously shown, a reciprocal insurance exchange is owned by its policyholders, who are also its members. In a reciprocal exchange, each policyholder is both an insurer and an insured, sharing in both the profits and losses of the exchange.

Farmers Insurance Exchange has issued thousands of insurance policies to Tennessee residents over the course of its operations. These Tennessee policyholders are members of Farmers Insurance Exchange. Consequently, Farmers Insurance Exchange has Tennessee citizens among its membership.

Under the clear holdings of *Carden* and *Layne*, Farmers Insurance Exchange is a citizen of Tennessee because it has members who are Tennessee citizens. Because Plaintiffs are also citizens of Tennessee, there is not complete diversity of citizenship between the parties.

The absence of complete diversity deprives this Court of subject matter jurisdiction over this action. As the Supreme Court stated in *Carden*, "[w]e adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.'" 494 U.S. at 195-96. The Court made clear that it would not "consult the citizenship of less than all of the entity's members" in determining diversity jurisdiction. *Id.* at 195.

Here, Farmers has members who are citizens of Tennessee, and Plaintiffs are citizens of Tennessee. Under controlling Supreme Court and Sixth Circuit precedent, complete diversity does not exist, and this Court lacks subject matter jurisdiction.

VI.    PLAINTIFFS CANNOT MEET THEIR BURDEN OF ESTABLISHING DIVERSITY JURISDICTION

Plaintiffs bear the burden of establishing that this Court has subject matter jurisdiction. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). To satisfy this burden, Plaintiffs must prove that complete diversity exists between the parties. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Plaintiffs' Complaint alleges that Farmers Insurance Exchange "is a foreign insurance company formed under the laws of the State of California, with its home office and principal place of business located in Woodland Hills, Los Angeles County, California." Compl., ¶ 2. Plaintiffs assert that based on this allegation, "this action is wholly between citizens of different states." Compl., ¶ 4.

This allegation is legally insufficient to establish jurisdiction because it incorrectly characterizes Farmers Insurance Exchange as a corporation when it is actually an unincorporated reciprocal insurance exchange. The allegation that Farmers is a "foreign insurance company formed under the laws of the State of California" does not establish that Farmers is a corporation entitled to invoke the special citizenship rules applicable only to corporations under 28 U.S.C. § 1332(c)(1).

As the Supreme Court stated in *Chapman v. Barney*, "The allegation that the company was organized under the laws of New York is not an allegation that it is a corporation. In fact the allegation is, that the company is not a corporation, but a joint stock company—that is, a mere

partnership." 129 U.S. at 682. Similarly, an allegation that an entity is a "foreign insurance company" does not establish that it is a corporation, particularly where—as here—the entity is in fact a reciprocal insurance exchange.

Even if Plaintiffs were to amend their Complaint to correctly identify Farmers as a reciprocal insurance exchange, they cannot establish complete diversity. Farmers has members throughout the United States, including members who are citizens of Tennessee. Because Plaintiffs are also Tennessee citizens, this shared citizenship destroys complete diversity and deprives this Court of subject matter jurisdiction.

Plaintiffs cannot overcome this jurisdictional defect. Because Farmers Insurance Exchange has Tennessee members and Plaintiffs are Tennessee citizens, there is no complete diversity, and this Court lacks subject matter jurisdiction over this action.

VII.    THE COURT'S INDEPENDENT OBLIGATION TO EXAMINE JURISDICTION REQUIRES DISMISSAL

Even if Plaintiffs were able to meet their burden—which they cannot—this Court has an independent obligation to examine its own subject matter jurisdiction. As the Supreme Court has stated, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

This obligation exists regardless of whether the parties raise jurisdictional challenges. In *Great Southern Fire Proof Hotel Co. v. Jones*, the Court explained:

"The failure of parties to urge objections [to diversity of citizenship] cannot relieve this court from the duty of ascertaining from the record whether the Circuit Court could properly take jurisdiction of this suit. . . . ' The rule . . . is inflexible and without exception, which requires this

court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act.'"

177 U.S. at 453 (quoting *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

The Supreme Court has consistently emphasized that subject matter jurisdiction is a threshold issue that "involves a court's power to hear a case" and "can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

When a federal court lacks subject matter jurisdiction, dismissal is mandatory. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This rule reflects the fundamental principle that federal courts may exercise only that power authorized by the Constitution and by statute. *Hertz Corp.*, 559 U.S. at 94.

Here, the record does not affirmatively establish that this Court has subject matter jurisdiction. To the contrary, the undisputed facts establish that complete diversity does not exist: Farmers Insurance Exchange is a reciprocal insurance exchange with Tennessee members, and Plaintiffs are Tennessee citizens. Under these circumstances, this Court's independent obligation to examine its jurisdiction requires dismissal.

## CONCLUSION

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Farmers Insurance Exchange is a reciprocal insurance exchange—an unincorporated association— that is deemed a citizen of every state in which its members reside. Because Farmers has members in Tennessee and Plaintiffs are Tennessee citizens, complete diversity does not exist.

The citizenship rules governing unincorporated associations are well-established in Supreme Court and Sixth Circuit precedent. Under *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), and *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39 (6th Cir. 1994), an unincorporated entity is a citizen of every state in which any of its members is a citizen. This rule applies with equal force to reciprocal insurance exchanges, as courts across the nation have consistently held.

Plaintiffs bear the burden of establishing that this Court has subject matter jurisdiction, and they cannot meet this burden. The undisputed facts establish that Farmers has Tennessee members and that Plaintiffs are Tennessee citizens, destroying complete diversity.

Moreover, this Court has an independent obligation to satisfy itself of its jurisdiction. Where, as here, the record does not affirmatively establish jurisdiction, this Court must dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1).

**WHEREFORE**, for all the reasons stated above, Defendant Farmers Insurance Exchange respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and grant such other and further relief as the Court deems just and proper.

*Respectfully submitted,*

*/s/ Keith W. Blair*
Keith W. Blair, BPR #15366
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Avenue
Nashville, Tennessee 37203
(615) 320-3225
kblair@tpmblaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 12, 2025, a copy of the foregoing Motion to Dismiss and Memorandum of Fact and Law was filed electronically. Notice of this filing will be sent to all registered parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Matthew W. Pryor
Alexander Shunnarah Injury Lawyers
2000 Meridan Boulevard Suite 225
Franklin, TN 37067
mpryor@asilpc.com
*Affiliated Attorney*

James T. Sullivan
2000 Meridan Boulevard Suite 225
Franklin, TN 37067
jsullivan@asilpc.com
*Attorneys for Plaintiff*

/s/ Keith W. Blair